In the Matter of the Appraisement of Legacies and Assessment of Collateral Inheritance Tax Under the Last Will and Testament of JOHN KNOEDLER, Deceased, ROLAND F. KNOEDLER et al., Appellants, THEODORE W. MYERS, Comptroller, etc., Respondent.

A policy of insurance upon the life of a decedent, held by him at the time of his death, payable to his executors, administrators and assigns, or to his personal representatives, is property owned by him at his death within the meaning of the Collateral Inheritance Act of 1887 (Chap. 713, Laws of 1887), and so under that act is subject to appraisal for the purpose of taxation under it.

Reported below, 68 Hun, 150.

(Argued November 27, 1893; decided December 12, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made March 17, 1893, which affirmed an order of the surrogate of the county of New York which affirmed an order of said surrogate confirming the report of an appraiser appointed under the Collateral Inheritance Act.

The facts, so far as material, are stated in the opinion.

*B. F. Watson* for appellant. The policies did not constitute property within the meaning of the law. (113 N. Y. 180; Potter's Dwarris on Stat. 191, 274; *McCartee* v. *O. A. Society*, 9 Cow. 437; *Rogers* v. *Bradshaw*, 20 Johns. 744; *U. S.* v. *Collier*, 3 Blatch. 325; *In re Enston*, 113 N. Y. 181; *Catlin* v. *Trustees Trinity College*, Id. 133; *Com.* v.

*Hartwell*, 3 Gray, 540.) These policies were not taxable under the general tax laws in force at the time of the enactment of this act. (1 R. S. 387, § 1; *Timayenis* v. *U. M. L. Ins. Co.*, 22 Blatch. 408; *In re Enston*, 113 N. Y. 181; 2 Kent's Comm. 351.) The policies or the contracts they evidence were not property of the testator in his lifetime, hence he did not die seized or possessed of property therein. (*In re Vassar*, 127 N. Y. 1; *In re Tuland*, 51 Hun, 213; *In re Enston*, 113 N. Y. 174.)

*Emmet R. Olcott* for respondent. The policies of insurance and the sums insured were property of which the deceased died seized and possessed, within the intent and meaning of chapter 713, Laws of New York, 1887. (*St. John* v. *A. M. L. Ins. Co.*, 13 N. Y. 38; *Winterhalter* v. *N. G. F. Assn.*, 75 Cal. 245; *In re Van Dermore*, 42 Hun, 326; *G. H. Ins. Co.* v. *Kinear*, 28 Gratt. 88; *Bewley* v. *E. L. A. Society*, 61 How. Pr. 344, 346; *Cohen* v. *N. Y. M. L. Ins. Go.*, 50 N. Y. 610; *People* v. *S. L. Ins. Co.*, 78 id. 114; *Cole* v. *K. L. Ins. Co.*, 23 Hun, 255.) The deceased passed his policies of insurance by will and by deed made and intended to take effect after his death, within the intent and meaning of chapter 713 of the Laws of New York, 1887. (*St. John* v. *A. M. L. Ins. Co.*, 2 Duer, 419; *Griswold* v. *Sawyer*, 125 N. Y. 414; *Marcus* v. *S. L. M. L. Ins. Co.*, 68 id. 625; *St. John* v. *A. M. L. Ins. Co.*, 13 id. 37; *Olmstead* v. *Keyes*, 85 id. 593; *How* v. *U. M. L. Ins. Co.*, 80 id. 32; *Valton* v. *N. F. L. A. Co.*, 20 id. 32; *Rawls* v. *A. L. Ins. Co.*, 27 id. 282; *Mathews* v. *Sheahan*, 69 id. 585.) The values of the policies of insurance were properly appraised at their "fair market value" at the time of the death of the decedent, within the intent and meaning of the statute. (*St. John* v. *A. M. L. Ins. Co.*, 2 Duer, 433.)

MAYNARD, J. The appellants object to the assessment of a tax under the collateral inheritance law upon that part of the estate of the testator, amounting to $65,000 and upwards, which is the proceeds of four life insurance policies, held by

him at the time of his death. They insist that the value of these policies should not have been included in the appraisement made by order of the surrogate, because they were not property in such a sense as to be the subject of appraisal, or the basis of computation for the ascertainment of the tax, under chapter 713 of the Laws of 1887, which was in force when the testator died, January 8, 1891.

Three of the policies were payable to the testator, his executors, administrators and assigns, and the fourth was a paid-up policy, payable to his legal representatives. The companies who issued them were all solvent, and the conditions precedent and subsequent required to be observed in order to enforce liability thereon must be deemed to have been performed, for, in April, 1891, and before the final appraisement, they were all paid in cash to the administrator with the will annexed. Indeed, the value of the policies at the time of the death of the testator cannot be the subject of review upon this appeal. The appraiser has found the value from competent evidence ; the surrogate has confirmed his report, and the only objection made by the appellants to the report and the assessment of the tax was upon the ground that the amount of the policies was not taxable under the law.

Section 1, which is the only part of the act now material to be considered, provides in substance that all property which shall pass by will from any person seized and possessed of the same to any person or persons shall be subject to a tax at a specified rate. The burden of the appellants' effort seems to be to establish that these policies were not property of which the testator was seized and possessed at the time of his death. But it must be admitted that they were obligations to pay money at a future date, and every instrument duly executed and having a lawful consideration, which secures to the holder the payment of money at a specified time, confers upon him a right of property. The statute has declared what shall be deemed assets of the estate of a deceased person and subject to distribution by his executors or administrators (4 R. S. [8th ed.] p. 2556, § 6), and includes among them all choses in action,

and " every other species of personal property and effects."
It is plain that these policies were assets of the estate. The
collateral inheritance law is very broad in its provisions.
All property which the decedent owned when he died, and
which has an appraisable value is to be included, subject, of
course, to the payment of debts and to such exceptions as are
specifically mentioned, but which have no application here.
If these policies were not assets, then the appellants derived
no title to their proceeds under the will, and they cannot make
title through any other source. It is only such property as
the testator died seized and possessed of and its increase that
they can claim as his legatees. If, when the appellants applied
for their share of the estate under the will, the administrator had
withheld the moneys collected upon the insurance policies on the
ground that they did not pass by the will, his position would have
appeared to have been quite as reasonable and tenable as that
advanced by the appellants to resist the collection of this tax.

The argument is made that it is only property which is
liable to taxation under the general tax law of the state
which can be taxed under the act relating to taxable trans-
fers, and that, inasmuch as life insurance policies cannot
be included in the valuation of a taxpayer's property under
the general law, they cannot be considered in assessing a tax
under the collateral inheritance law. The main premise
upon which this proposition rests is manifestly inadmissible.
The taxable transfer law has no reference or relation to the
general law. The two acts are not *in pari materia*. While
the object of both is to raise revenue for the support of the
government, they have nothing else in common. Nearly
sixty years intervened between the passage of the earlier and
the later statute, and the latter was enacted under different
conditions from the former. It proceeds upon a new
theory of the right of the government to tax and estab-
lishes a new system of taxation. It taxes the right of suc-
cession to property, and measures the tax in the method
specifically prescribed. All property having an appraisable
value must be considered, whether it is such as might be

taxed under the general law or not.   Many kinds of property might be enumerated which are not assessable under the general law, but which are appraisable under the collateral inheritance act.   The definition of the different kinds of property which the legislature has incorporated in the general tax law, for the purposes of that law, cannot be imported into the collateral inheritance tax law upon any sound principle of statutory construction.   It is, therefore, immaterial whether life insurance policies can be valued and assessed for taxation under the general law.   The claim of the appellant that they cannot may be freely admitted without in anywise affecting the questions involved in this appeal.   Nothing relative to the proper interpretation of the general tax law need be considered or determined, and the subject is only alluded to because of the prominence given it upon the appellants' brief.

Much stress is laid upon the conditional and uncertain character of the obligation created by a life insurance policy.   But when the insured died the value of the policy became fixed, and it was presumably worth in cash its face value less a proper rebate for interest on the amount for the period during which payment might be deferred.   The appellants cannot be heard to urge that the companies might have declared the policies forfeited, or successfully resisted payment for any cause.   They did not do so, but promptly acknowledged their obligations, and paid the amount of the policies to the representative of the insured for distribution to the legatees, who under the will and the law of the state were entitled to it.

The learned surrogate has very fully pointed out the incidents of property which these instruments possess, and his views, which have our approval, are fortified by reference to many authorities.

The order must be affirmed, with costs.

All concur.

Order affirmed.