(29 Misc. Rep. 567.)

## In re ABBETT'S ESTATE.

(Surrogate's Court, New York County. November, 1899.)

TAXATION—INSURANCE—NONRESIDENT.
　　Where decedent was a nonresident, and his life insurance policies, issued by domestic corporations in New York, were in another state at the time of his death, the proceeds of such policies are not taxable under the transfer tax law (Laws 1892, c. 399), providing for the taxation of nonresident's property in the state transferred by will or intestate law.

Application by the administrator of the estate of Leon Abbett, deceased, for the appointment of an appraiser under the New York transfer tax law to pass upon the question as to the taxability in this state of any part of the decedent's estate. From the decision of the appraiser, holding the property not taxable, the comptroller appeals. Affirmed.

Emmet R. Olcott, for appellant.
Charles E. Miller and James B. Butler, for respondent.

VARNUM, S. The decedent, at the time of his death, was domiciled at Jersey City, in the state of New Jersey. He left a last will and testament, duly admitted to probate by the surrogate's court of the county of Hudson, in the state of New Jersey, whereby he gave all his estate to his children, Leon Abbett, Jr., and Mary A. Post, in equal shares. The policies of insurance hereinafter referred to were, at the time of decedent's death, in the safe of his son, at Hoboken, in the state of New Jersey. At the time of his death (December 4, 1894) the decedent was insured in three domestic corporations in the state of New York, to wit, the New York Life Insurance Company, the Equitable Life Assurance Society, and the Washington Mutual Life

Insurance Company, which issued policies, and in consideration of an annual premium during the continuance of the contract, or until 10 full years should have been duly paid, agreed to pay the amount insured to the decedent, Leon Abbett, his executors, administrators, and assigns, or to his personal representatives. Without objection of any kind, the insurance companies above named severally paid to the executors of the deceased the amounts of their respective policies. The New Jersey executor took out ancillary letters in New York county on November 18, 1895, in order to facilitate in some particulars the administration of the estate, and subsequently applied to this court to have an appraiser appointed under the provisions of the New York transfer tax law to pass upon the question as to the taxability or nontaxability in this state of any part of the decedent's estate. The appraiser appointed upon such application reported that none of the property in question was so taxable, and an order was entered to that effect, from which this appeal is taken by the comptroller. The case was originally submitted to my predecessor, Judge Arnold, but not disposed of by him, and has since been reargued before and submitted to me. The court of appeals of this state has held, in Re Knoedler's Estate, 140 N. Y. 377, 35 N. E. 601, that, in the case of a resident of this state, a life insurance policy, such as those here in question, is property owned by him at his death, and subject to appraisal for taxation under the collateral inheritance tax law, the provisions of which are substantially identical with those of the present transfer tax law. It is contended, however, by the executors, that a difference exists between insurance on the life of a resident and on that of a nonresident. Leon Abbett, the decedent in the case at bar, was a nonresident, domiciled at the time of his death in the state of New Jersey; and the policies of insurance upon his life, issued by the domestic corporations of the state of New York, were in the custody of decedent's son, at Hoboken, in the state of New Jersey, at the time of the death of the deceased, whose executors contend that the force and effect of the decision of the court of appeals in Re Knoedler's Estate do not apply to this case, and there is no tax due. Since the decedent was a nonresident, it is urged that the claim to the insurance was mere debt, and its evidences under the policies were not in this state. On the other hand, the contention of the state is that domestic insurance corporations are mere creatures of state laws, and insurance is made a statutory debt; that those who become policy holders are subject to the operations of such laws with respect, not only as to property rights, but also to the right of the state to assess the same for purposes of taxation; that the state has limited the right to take the property out of the state, and made itself a beneficiary and creditor of the decedent, fixing a lien on such insurance at the moment of death of the insured; that policies, as such, are not essential to the insurance, nor to the jurisdiction of the surrogate, and hence the location of policies has no effect against the claim to the transfer tax; that decedent's insurance in the domestic companies became realized personal property upon his death in a fixed and determined sum, to wit, the face value, less a proper rebate for interest; and, such insurance being in very fact assets of the deceased,

which he transferred by will, there was thus constituted a transfer of property taxable under the provisions of chapter 399, Laws 1892. To this the executors reply that the relation between a company and its policy holder is simply that of debtor and creditor (Uhlman v. Insurance Co., 109 N. Y. 421, 17 N. E. 363; Bogardus v. Insurance Co., 101 N. Y. 328, 4 N. E. 522; People v. Security Life Insurance & Annuity Co., 78 N. Y. 114; Cohen v. Insurance Co., 50 N. Y. 624; Grobe v. Insurance Co., 24 Misc. Rep. 462, 53 N. Y. Supp. 628); that the decedent was a nonresident of this state, and that it is the well-settled law of New York that, where a resident of this state owes money to a nonresident decedent, the situs of the property follows the domicile of the creditor (In re Phipps, 77 Hun, 325, 28 N. Y. Supp. 330; Hayes v. Gas Co., 143 N. Y. 641, 37 N. E. 648; In re Bronson's Estate, 150 N. Y. 1–7, 44 N. E. 707); and that hence the proceeds of the insurance policies in question was property located in the state of New Jersey, over which the state of New York had no jurisdiction for the purposes of taxation.   It will be seen that the contention of the comptroller in this case amounts to a claim that, if a man in any remote state or territory of the Union takes out a policy of life insurance in a New York company, it is the intention of the legislature of this state, as expressed through the transfer tax law, that the proceeds of such policy cannot be collected by his personal representative or paid by the company without being subject to the inheritance tax. Such contention, if sustained, would affect seriously vast pecuniary interests, and discriminate against, and possibly seriously embarrass, the insurance corporations organized under the laws of this state.   It might also result in double taxation in every case where the policy holder resides in a state where there is a similar transfer tax law. The questions raised on this appeal are not only important, but novel and intricate, and can only be settled definitely and finally by the court of highest resort in the state.   I find it physically impossible, in the short time before the expiration of my term of office, and under the heavy pressure of current court business, to prepare such an elaborate and carefully considered opinion and decision as the importance of the case would demand, and deem it better that this should be so, rather than that the judge of a court of first instance should, on a question of such vital and far-reaching importance, render a decision which would never be accepted as conclusive until passed upon by the court of appeals, but which would surely tend, no matter what it might be, to unsettle, pending the appeal, great financial and business interests.   It is far better, in my judgment, that the case should reach the supreme appellate tribunal as speedily as possible.   Hence, pro forma, the decision of the appraiser is affirmed, and the appeal dismissed.

Decision affirmed, and appeal dismissed.