(64 App. Div. 558.)

## MORSCHAUSER v. PIERCE.

(Supreme Court, Appellate Division, Second Department. October 23, 1901.)

1. INSURANCE—ASSIGNMENT OF POLICY—FRAUD—CONSIDERATION—WEIGHT OF EVIDENCE.

A paid-up life policy for $1,628 was assigned for $300 by the holder's administrator to the wife of a client of the office occupied by the administrator and his attorney. A witness testified that, if the company should purchase the policy, they would pay about $650 for it. A disinterested witness (an insurance agent) testified that the fair cash value of the policy was $300. The company purchased its policies only on exceptional occasions. *Held*, that a finding that the assignment was in good faith and for a valuable consideration was proper.

2. SAME—ASSIGNMENT OF POLICY.

Laws 1879, c. 248, requiring the consent of the husband to the assignment or surrender by a married woman of a policy issued to her, by her or by her legal representative on her death, does not apply to a policy issued on the husband's life for the benefit of his legal representatives, and afterwards assigned by the husband to his wife, and assigned on her death by her administrator.

Appeal from trial term, Dutchess county.

Action by Charles Morschauser, as administrator of the estate of Hester Halliwell, deceased, against James W. Pierce. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Charles F. Cossum, for appellant.
Allison Butts, for respondent.

JENKS, J. This action is to determine which party is entitled to the proceeds of a policy of life insurance paid by the insurance company to a trustee to abide the event. Halliwell took out the policy in 1876 for $5,000, payable upon his death to his legal representatives. In 1886 Halliwell duly assigned the policy to Hester, his wife, and her executors, administrators, and assigns. Hester died intestate, owning the policy. Baker, her administrator, surrendered the policy to the insurance company in consideration of a paid-up policy for $1,628, payable to him as administrator, or to his successor. Baker, as administrator, assigned the paid-up policy in 1886 for $300, and through several similar assignments the policy is held by the defendant. Baker died, and was succeeded as said administrator by this plaintiff and by the husband of Hester. The assured died in 1900, and both the plaintiff, as sole surviving administrator of Hester, and the said defendant, by virtue of the said assignment of the policy by Baker and the successive assignments based thereon, claimed the insurance moneys. The plaintiff contends that the first assignment of the policy by Baker, as administrator, was fraudulent and collusive, invalid, and without consideration, and ultra vires. The learned special term decided against the plaintiff, who now appeals.

The policy is regarded as "a chose in action, with all of the ordinary incidents belonging thereto, and as such may be assigned either as

collateral or as the payee may elect." Steinback v. Diepenbrock, 158 N. Y. 24, 30, 52 N. E. 662, 663, 44 L. R. A. 417, 419, 70 Am. St. Rep. 424, 428. The policy was payable to Hester, her executors, administrators, and assigns, and passed, like any other chose in action, upon the death of the owner, to the person entitled to take the personalty. Geoffroy v. Gilbert, 5 App. Div. 98, 102, 38 N. Y. Supp. 643, affirmed in 154 N. Y. 741, 49 N. E. 1097, and cases cited. It is regarded as an asset of her estate. Johnston v. Smith, 25 Hun, 171; In re Knoedler's Estate, 140 N. Y. 377, 35 N. E. 601; Griswold v. Sawyer, 125 N. Y. 411, 414, 26 N. E. 464. And Baker, as her administrator, took the unqualified legal title to it, as he did to all personalty not specifically bequeathed, notwithstanding that he held as a trustee for the creditors, and for those entitled to distribution. Blood v. Kane, 130 N. Y. 514, 29 N. E. 994, 15 L. R. A. 490. No point is made against the exchange by Baker of the first policy for the paid-up policy, which was payable to him as administrator. But Baker, with the title to the policy as administrator, could make an assignment in good faith to a bona fide purchaser (2 Williams, Ex'rs, p. 120, and cases cited; Leitch v. Wells, 48 N. Y. 585, 595), even though in so doing he violated his duty (Leitch v. Wells, supra). A mere sale or transfer of such an asset by an administrator, which would result in realization of its fair money value, was not, in the terse words of Yeoman, J., in Gibbs v. Bank, 86 Hun, 105, 34 N. Y. Supp. 195, "in contravention of the trust, but a step in its execution." It certainly was not the affair of the assignee to see whether the consideration money was honestly applied by the executor. 2 Williams, Ex'rs, p. 122; Scott v. Tyler, 2 Dickens, 725; Leitch v. Wells, supra, and authorities cited; Gibbs v. Bank, supra. And the administrator's failure to account in no way affects the assignment, nor inculpates the assignee. Aside from the contention that the assignment was in violation of a statute hereafter noticed, the question, then, is whether the plaintiff established fraud, collusion, or bad faith in the assignment by Baker to Bedell, and thereby opened the way for equity to follow. 2 Williams, Ex'rs, pp. 122, 124, and cases cited. The learned special term decided that the assignment was not fraudulent, but in good faith and for a good and sufficient consideration, and I think that such decision is with the weight of evidence. Indeed, there is nothing in the record to indicate that the assignee did not take in perfect good faith. Even if the appellant had been permitted to show that such assignee was the wife of a client of the office occupied by the administrator and by Ackerly, who acted as his attorney, that fact in itself has no controlling weight. Nor was it established that the consideration paid for the assignment was insufficient. The assured lived for four years after the assignment of the policy. It is true that one witness testified that, if the insurance company were to purchase this policy, they would pay for it about 80 per cent.,—possibly $650. But he admitted that such a purchase is exceptional, and only made when the assured needs the funds for maintenance, and a valid release can be obtained from all parties in interest. On the other hand, a disinterested witness, who was an insurance agent,

testified that the fair cash value of this policy was $300, and that it was not the practice of insurance companies to pay cash surrender values on their policies. In Whitehead v. Insurance Co., 102 N. Y. 143, 6 N. E. 267, 55 Am. Rep. 787, cited by the appellant, the policies were with the wife, as the party assured. The contract was said "to be about the husband, and not with him," and the wife was held to have a vested interest in the policies at the moment of their delivery, so that the husband could not surrender the policy to the company without her consent, and his act in so doing was not within his power. But in the case at bar the contract was with the husband, who subsequently assigned to the wife, her executors, administrators, and assigns, and upon her death the title vested in her administrator.

It is objected that the assignment by Baker, as administrator, to Bedell, being without the assent of the husband, was in violation of the provisions of chapter 248 of the Laws of 1879, which reads as follows:

"All policies of insurance heretofore or hereafter issued within the state of New York upon the lives of husbands for the benefit and use of their wives, in pursuance of the laws of the state, shall be, from and after the passage of this act, assignable by said wife with the written consent of her husband; or in case of her death by her legal representatives, with the written consent of her husband, to any person whomsoever, or be surrendered to the company issuing such policy, with the written consent of the husband."

I think that the statute does not apply. The original policy in this case was not issued upon the life of the husband for the benefit of his wife, but for the benefit of his legal representatives, which must be taken to be his executors and administrators. Geoffroy v. Gilbert, supra. The statute in question was passed in furtherance of the legislation beginning with the enabling act of 1840 (chapter 80), which permitted the wife to insure the husband's life for her benefit or for that of her children, but which went no further in enlarging her legal capacity in such respect. And the purpose of both the act of 1873 (chapter 821) and of the said act of 1879 was to permit her to assign such a policy under the limitations therein provided. Miller v. Campbell, 140 N. Y. 457, 460, 35 N. E. 651. The language of the statute wherein the legislative intent must be sought, helped by the laws of interpretation (McKuskie v. Hendrickson, 128 N. Y. 555, 558, 28 N. E. 650), is neither obscure nor doubtful, and it is not our province to legislate under the plea of statutory construction upon the principle that it were beneficent or wise to extend the purview of a law. This statute only contemplates and only applies to a policy that in terms assures the wife, and cannot be extended to this case, where the interest of the wife is but a property right, acquired by her through an ordinary assignment, made many years after the original issue of the policy.

The judgment appealed from must be affirmed, with costs. All concur.