1. TRANSFER TAX—PROPERTY SUBJECT.
    Where a domestic joint-stock association owes money on note and account to a nonresident decedent at his death, and he was at the time its president, and owned a majority of the stock, such debt is not subject to the transfer tax, its situs being at the domicile of the defendant.

2. SAME—LIFE INSURANCE POLICIES.
    Where a nonresident decedent left life policies issued by domestic corporations for the benefit of his estate in the city of New York, they are not subject to the transfer tax.

In the matter of the transfer tax on the estate of William C. Horn. From an order fixing the tax, the executors appeal.  Modified.

Abraham D. Levy, for state comptroller.

Atwater & Cruikshank, for executors.

THOMAS, S.  This is an appeal from an order fixing the transfer tax.  The decedent, a resident of New Jersey, died April 11, 1902, leaving a will, whereby he gave all of his estate to his widow and children.  He was president of a joint-stock association known as Wm. C. Horn, Bro. & Co., having an office in the city of New York, and owned 1,120 of the 2,000 shares into which the stock was divided. The appraiser assessed his stock as representing property in this state, the transfer of which is subject to taxation, and no objection is made to this.  At the time of his death the association was indebted to him in the sum of $22,469 on open account, and the appraising of this amount as taxable is challenged as improper, and is specified as one of the grounds of this appeal.  Regarded as a debt due from a resident to a nonresident decedent, the account is not taxable.  With respect to property of nonresidents, the right of the state to impose the tax arises from its jurisdiction over property within the state.  In re Bronson's Estate, 150 N. Y. 1, 6, 44 N. E. 707, 34 L. R. A. 238, 55 Am. St. Rep. 632; Tax Law, § 220, subd. 2 (Laws 1896, c. 908).  A mere chose in action, a right to recover a sum of money, has never, as yet, been given the attribute of tangibility, and for the purposes of the statute taxing transfers it has always been treated as having no situs other than the domicile of the creditor.  In re Phipps, 77 Hun, 325, 28 N. Y. Supp. 330, affirmed on opinion below, 143 N. Y. 641, 37 N. E. 823;  In re Chabot's Estate, 44 App. Div. 340, 60 N. Y. Supp. 927, affirmed 167 N. Y. 280, 60 N. E. 598.  In Re Houdayer's Estate, 150 N. Y. 37, 44 N. E. 718, 34 L. R. A. 235, 55 Am. St. Rep. 642, money deposited by a decedent in a trust company created under the laws of this state, and subject to repayment on demand, was held to be "property in this state for all practical purposes, and in every reasonable sense within the meaning of the transfer tax act."  The "substance" of the transaction was determined to be to leave the money in this state for safer keeping, and the general doctrine that a right of action belonging to a nonresident, though enforceable against a resident, is not property in this state, was reiterated and sustained.  The argument of the comp-

troller that the money represented in the account "was practically invested here, it being due from the decedent's own company," does not impress me as sound. The interest of the decedent in the property of the company was represented by his stock, and has been fully appraised and taxed. The company was not "his," though he owned a majority interest in it, and his claim against his associates was a mere chose in action, and not taxable.

After the decedent's death certain policies of insurance on his life, issued by New York companies, and payable to his estate, were found in a safe in this city. Where they were issued does not appear. They have been collected in New York, and the amount represented by them has been included in the property assessed to determine the tax. Such assessment is specified as a further ground for this appeal. In Re Abbett's Estate, 29 Misc. Rep. 567, 61 N. Y. Supp. 1067, Mr. Surrogate Varnum determined that policies of life insurance, issued by life insurance companies of this state on the lives of nonresident decedents, when such policies are not within the state, are not subject to the transfer tax. I am satisfied with his reasoning and with his decision, and will adopt his conclusion. A policy of life insurance is evidence of a right of action, and is taxable as an asset of the estate of a deceased resident to whom it is payable. (In re Knoedler's Estate, 140 N. Y. 377, 35 N. E. 601); but it is not taxable, if payable to a nonresident decedent, on the mere ground that the debtor is a New York corporation. It remains to be considered whether the rule will be otherwise where, as in this case, the policy is kept by the decedent in this state, and is here at the time of his death. In Re Whiting's Estate, 150 N. Y. 27, 44 N. E. 715, 34 L. R. A. 232, 55 Am. St. Rep. 640, the bonds issued by foreign as well as by domestic corporations, kept by the decedent in this state, and found here on his death, were determined to be properly included in the appraisement to fix the transfer tax. The theory upon which the court proceeded to judgment was that the written instruments were physically within the state, and constituted property here subject to taxation. They were regarded as tangible, and apparently in the nature of chattels. A bond, by the terms of which a corporation obligates itself to pay absolutely and at all events a specified sum of money, differs substantially from a contract of life insurance. A policy of life insurance is not evidence of debt absolutely payable. By its own terms it is payable not absolutely, but conditionally. It admits no existing debt, but agrees that one may arise if certain specified conditions are performed. It is none the less a conditional contract, although ultimately there may grow out of it an absolute liability. It has, therefore, been held that it is not "evidence of debt for the absolute payment of money, or at a particular time," within the meaning of the provision in the Code of Civil Procedure requiring an order of a judge that the issues on the pleadings in an action upon it be tried. New York Life Ins. Co. v. Universal Life Ins. Co., 88 N. Y. 424. It has also been adjudged that it is not "an instrument for the payment of money," within section 649 of the Code of Civil Procedure, and that the sheriff may levy upon the cause of action evidenced by it without taking the policy into his actual custody. Kratzenstein v. Lehman, 19 App. Div.

228, 46 N. Y. Supp. 71.   Such a policy of insurance is, indeed, nothing more than written evidence of a contract, by the terms of which the company issuing it promises to pay a sum of money on certain conditions thereafter to be performed, and in the happening of the contingency of death therein specified.   It is a most material item of evidence, but is only a part of the perfected cause of action, leaving proof of other matters to be supplied.   It cannot be determined to be in itself property of a kind capable of having a situs apart from the person of its payee, except upon principles which have not yet received the approval of the courts of this state.   The appeal is sustained, and the order fixing the tax will be modified accordingly.

Appeal sustained, and order fixing tax modified.