state, of the right of the wife to acquire an independent domicile. It would seem to be subordinating substance to mere form to hold that a separation which lasted 26 years, although not evidenced by a judicial decree, should be less effective in affording the wife the right to acquire an independent domicile than if such agreement had been incorporated in a formal written instrument. The publicity incident to a judicial separation might well induce a woman of delicacy and refinement to refrain from applying for it, but, when the separation is as effectual as if a judicial decree had directed it, she should not be deprived of the right to acquire an independent domicile merely because she refrained from applying for a judicial decree of separation. I will therefore find that decedent prior to her death acquired a domicile separate and apart from that of her husband, and that she was not at the time of her death domiciled in the state of New York. The appraiser will proceed in accordance with this finding. Settle order on notice.

Decreed accordingly.

---

(85 Misc. Rep. 651)

### In re GILMAN.

(Surrogate's Court, Kings County. May, 1914.)

1. WILLS (§ 687*)—CONSTRUCTION.

Where a will provided that a fund left in trust should be divided when testator's son R. arrived at the age of 30 years, or his son L. reached the same age if R. should die before attaining that age, and that, if either should die before division of the estate, then his share should go to his heirs, executors, and administrators, the gift over upon the death of R. was not impaired by the fact that he died before his father; and hence such gift inured to his administratrix.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1638–1643; Dec. Dig. § 687.*]

2. WILLS (§ 506*)—CONSTRUCTION—"HEIRS."

Few words in the legal vocabulary are so readily turned from their precise meaning in construction as the word "heirs." Where the word "heirs" stands alone, without any companion words, such as "executors and administrators," to denote to whom a fund of personalty shall be paid, it means only the persons to whom personalty should be paid under the statute of distributions. The addition of such companion words helps rather than hinders such meaning (citing Words and Phrases, vol. 4, pp. 3241–3265; vol. 8, pp. 7677, 7678).

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1090–1099; Dec. Dig. § 506.*]

Proceedings upon the compulsory judicial settlement of the account of Lester C. Gilman, as executor of Theophilus Gilman, deceased. Decreed according to opinion.

David Joyce, of Brooklyn, for petitioner.

Brush & Crawford, of New York City (John J. Crawford, of New York City, of counsel), for respondent.

KETCHAM, S. The petitioner asks for an accounting by the executor of the decedent. She asserts, and the executor denies, that she,

as administratrix of Ralph F. Gilman, deceased, has an interest which supports the petition.

[1] The will contained trusts under which, in part, it was provided that a portion of the fund in trust should be divided as soon as the testator's son Ralph should attain the age of 30 years, or as soon as the testator's son Lester should reach the age of 30 years, if Ralph should die before attaining that age. Ralph died before the death of his father and before he became 30 years of age, leaving his widow, the petitioner, and his father as the only distributees of his personal estate. The will then proceeds:

"Fifth. That if either of my sons Lester C. Gilman or Ralph F. Gilman shall die before the division of my estate between them as directed to be made by the third and fourth paragraphs hereof, then the share or interest of the one so dying shall go to his heirs, executors, and administrators absolutely and forever."

The son Lester survives, and was over the age of 30 years when the testator died. The gift over upon the death of Ralph was not impaired by the happening of that event before the death of the father. Williams v. Jones, 166 N. Y. 522, at page 537, 60 N. E. 240, and cases cited. The gift, in the event of Ralph's death, to "his heirs, executors, and administrators" must inure to his administratrix.

There is no executor to take, and it remains to consider only the effect of the provision as one in favor of the "heirs and administrators" of a person not the testator.

[2] Few words in the legal vocabulary are so readily turned from their precise meaning in construction as this word "heirs." If, in the provision under examination, the word stood alone to denote to whom a fund of personal property should be paid, it would mean only the persons to whom personalty should be given under the statute of distributions. 4 Words and Phrases Judicially Defined, 3253, sub nom. "Heirs." This departure from its strict signification is helped rather than hindered by its companionship with the words "executors and administrators," decribing an office normally related to the care and disposition of personal property.

A legacy to the widow, next of kin, and administrator of a person not the testator could not contemplate a payment to all, either jointly or in common. It would not be satisfied by a payment to the widow and next of kin, for that would not only exclude the administrator from the legal possession which the gift intends for him, but would totally divert the fund from the possible creditors to whom the administrator takes a duty. But a payment to the administrator would assure to the distributees every benefit within the purpose of the gift, for it is beyond doubt that a legacy to executors or administrators is not a gift to them for their personal benefit or enjoyment, but falls into their hands as a fund to be administered as if it were owned by their decedent at the time of his death. 2 Williams, Exrs. (7th Am. Ed.) 413, 421; 2 Jarman, Wills (6th Am. Ed.) 122 et seq.

Where such a legacy comes to the representative of an intestate, it is applicable, first, to the payment of debts and certain expenses, and its surplus is payable according to the statute of distributions. Hence

the fund in question belongs to the petitioner to be treated as if it were of her intestate at his death. In this disposition she is concerned both personally and vicariously, and she, therefore, has an interest which entitles her to the account prayed for.

This is not the time to consider questions resulting from the fact that, at the death of Ralph Gilman, his father was his next of kin, and that a portion of the fund in question would be in turn payable to the father's executor. Whether a portion of that fund, if it shall reach the father's executor, shall then be at rest (see Matter of Valdez's Trusts, 40 Ch. Div. 159), or shall find an orbit between the two estates in which, under the impulse of this will, it shall revolve until reduced to the vanishing point by the friction of repeated administrations, must be reserved.

Decreed accordingly.