## APPEAL OF ESTATE OF W. A. BLAIR.

Docket No. 2440.　Decided September 23, 1926.

*W. E. Baird, C. P. A.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the Commissioner.

Estate tax deficiency of $205.46, arising by increasing the valuation of stock in decedent's gross estate and by disallowing part of the deduction taken for the support of dependents.

### FINDINGS OF FACT.

Decedent was a resident of Atchison, Kans., and died March 6, 1922, leaving a widow and two minor children. His net estate was more than $50,000 and less than $75,000. The gross estate included 540 shares out of a total of 2,741 shares of the issued and outstanding capital stock of the Blair Elevator Co. This corporation was the owner of and beneficiary under a policy of life insurance upon the life of decedent which amounted to $120,000. Upon his death the corporation received this amount. The Commissioner determined the value of said 540 shares to be $75 per share or a total of $40,500, and in arriving at this value the Commissioner included the aforesaid

$120,000 among the corporation's assets, and determined that said amount represented 60 per cent "of the adjusted net worth of the corporation at the date of decedent's death."

For two years after the death of decedent the estate paid over $300 a month on account of the widow and children. These payments were made under an order of the probate court allowing $300 a month. The widow and children had no other income.

### OPINION.

STERNHAGEN: The Commissioner fixed the value of the stock at the date of death at $75 a share, which the petitioner says is too high, because it reflects the amount of the insurance as among the corporate assets. We can not as a matter of law say that the valuation of a share of stock must exclude such an asset. That the right of the beneficiary under a policy is an asset seems clear. *In re Reed's Estate*, 243 N. Y. 199; 153 N. E. 47. Whether at any given time it is worth its face or its surrender value or something between is a matter of fact requiring proof. It can well be imagined that the ownership of such a policy would raise the value of the stock under some circumstances more than under others, depending upon the terms of the policy and, during the life of the assured, upon his age and health. It is in the instant case entirely conceivable that on the date of death a willing seller and willing buyer of similar stock would have agreed on a price of $75 a share. We sustain the Commissioner's valuation.

The proof establishes that $7,200 was actually paid for the maintenance and support of the widow and children and this was on order of the probate court. The Commissioner reduced this by reason of a local statute which we think was not applicable and does not show the amount to be unreasonable. We reverse the Commissioner's disallowance.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*