*960 OPINION.
Steenhagen
: The Commissioner fixed the value of the stock at the date of death at $75 a share, which the petitioner says is too high, because it reflects the amount of the insurance as among the corporate assets. We can not as a matter of law say that the valuation of a share of stock must exclude such an asset. That the right of the beneficiary under a policy is an asset seems clear. In re Reed’s Estate, 243 N. Y. 199; 153 N. E. 47. Whether at any given time it is worth its face or its surrender value or something between is a matter of fact requiring proof. It can well be imagined that the ownership of such a policy would raise the value of the stock under some circumstances more than under others, depending upon the terms of the policy and, during the life of the assured, upon his age and health. It is in the instant case entirely conceivable that on the date of death a willing seller and willing buyer of similar stock would have agreed on a price of $75 a share. We sustain the Commissioner’s valuation.
The proof establishes that $7,200 was actually paid for the maintenance and support of the widow and children and this was on order of the probate court. The Commissioner reduced this by reason of a local statute which we think was not applicable and does not show the amount to be unreasonable. We reverse the Commissioner’s disallowance.
Order of redetermination will be entered on 15 days’ notice, under Rule 50.