examination specified in this order, examination shall be limited to the subjects as stated by the plaintiff in his bill of particulars given in response to such order. 2. The examination shall be limited to a period of time antedating the beginning of the action by not more than six years. 3. The subject of examination numbered 5 shall be eliminated. As so modified the order is affirmed, without costs on this appeal. Memorandum. The record discloses (in the opinion of the justice granting the order at the Special Term) that there was a determination that a bill of particulars should be given by the plaintiff. The record fails to disclose whether or not an order for such a bill of particulars has been entered; nor does it even contain the notice of motion for the bill specifying the subjects as to which the defendant asked for particulars. For this reason we cannot confine the examination with definiteness as we might do were these matters before us. In respect to the limitation of time we find nothing in the pleadings indicating in any way that any act or conduct of the defendant occurring more than six years before the beginning of the action is material. As to subject numbered 5, we are of the opinion that it is covered so far as is material by provisions numbered 3 and 6. All concur. (The order granted plaintiff's motion for an examination of the defendant before trial in an action for damages caused by plaintiff contracting pneumoconiosis while in defendant's employ.)

LEONARD PRUCHNOWSKI, as Executor, etc., of FRANK·SZULHAN, Deceased, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment and order reversed on the law, with costs, and complaint dismissed, with costs. Memorandum. Plaintiff concedes that the only application made by the insured for the designation of a new beneficiary is found in Exhibit 2, the letter dated May 12, 1931. We find nothing in that letter from which it could be found that Pruchnowski was nominated as a beneficiary. A designation could not be made in the will of the insured which would bind the insurance company. (*Fink* v. *Fink*, 171 N. Y. 616, 625.) All concur. (The judgment is upon a life insurance policy. The order denied a motion for a new trial upon the minutes.)

EDWARD CURTIS, Respondent, v. NICK SILVORILI, Appellant.— Judgment affirmed, with costs. All concur. (The judgment is for damages in an automobile negligence case.)

EDITH CURTIS, Respondent, v. NICK SILVORILI, Appellant.— Judgment affirmed, with costs. All concur. (The judgment is for damages in an automobile negligence case.)

O. J. GLENN & SON, INCORPORATED, Appellant, v. MARSH MOTOR CORPORATION and Another, Respondents.— Order affirmed, with costs. All concur. (The order reversed a City Court judgment in an automobile negligence case.)

PAUL MATTAR, Respondent, v. AUGUSTINO CESARI, Appellant.— Judgment and order affirmed, with costs. All concur, except Edgcomb, J., who dissents and votes for reversal on the law and facts and for granting a new trial. (The judgment was for damages in an automobile negligence case. The order denied a motion for a new trial on the minutes.)

JOHN SARKEES, Respondent, v. AUGUSTINO CESARI, Appellant.— Judgment and order affirmed, with costs. All concur, except Edgcomb, J., who dissents and votes for reversal on the law and facts and for granting a new trial. (The judgment was for damages in an automobile negligence case. The order denied a motion for a new trial on the minutes.)