Pierson B. Hildreth, S.
In this accounting proceeding the executor requests instructions as to whether certain insurance proceeds are to be included as part of the estate for the purpose of computing the intestate share of the estate to which decedent’s husband is entitled under his conceded right of election.
By her will the decedent, who died in 1958, left her entire estate to her children equally. A portion of the estate accounted for consists of $31,802.64 received by the executor from the Mutual Benefit Life Insurance Company as a share of the proceeds of life insurance policies originally issued on the life of decedent’s *969 father, who died in 1931. This share was payable pursuant to a designation made by decedent’s mother at the time the policies were issned. The designation provided in substance that upon the death of decedent’s father, the company would retain the insurance proceeds, would pay interest thereon monthly to the mother for life, and on her death would divide the proceeds into equal parts for the benefit of the children of decedent’s father and mother, per stirpes, with interest thereon to be paid monthly to the respective surviving children, and on death of a child “ Ms or her part shall be payable to Ms or her executors, administrators or assigns The designation expressly precluded both the mother and the children from any right of withdrawal of the insurance proceeds.
With the death of decedent’s mother on July 18, 1954, the company divided the insurance proceeds into four parts, there being four children, one of whom was this decedent. Monthly interest payments on a one-fourth part of the proceeds so set aside were paid to decedent during her life. Under an interest income certificate issued to decedent on August 18, 1954, the company agreed with her to retain such proceeds making interest payments to her monthly and agreed that on her death “ the amount retained by the company, together with any unpaid accretions thereon, shall be payable to the executors, administrators or assigns of Marion S. Phillips ” (the decedent herein). Following decedent’s death the company paid such share of the proceeds to the executor of her will.
The question now is whether such insurance proceeds constitute part of decedent’s estate in ascertaining the value of the intestate share of her surviving husband under his right of election.
It is urged by the special guardian of decedent’s three infant children that such share of insurance proceeds should be excluded in computing the intestate share of decedent’s surviving husband under his right of election. The contention is that by leaving "her entire estate to her children by will, decedent in effect assigned the share of the policy proceeds on which she received interest to her children so that such share of the proceeds should not be considered part of her estate for purposes of such computation.
Under the provisions of the designation agreement and as confirmed by the provisions of the interest income certificate, it seems clear that whatever power decedent may have had to assign the proceeds during her lifetime, such power ended on her death. Furthermore, in the absence of an agreement with the company so permitting, decedent had no power to effect *970 an assignment by will. In order to validly assign by testamentary provision such method must be authorized by the insurance contract. (Ralph v. Equitable Life Assur. Soc., 46 N. Y. S. 2d 957; see, also, Second Nat. Bank of Danville v. Dollman, 209 F. 2d 321; Fink v. Fink, 171 N. Y. 616; Pruchnowski v. Prudential Ins. Co., 242 App. Div. 899, affd. 270 N. Y. 530.)
The proceeds paid to decedent’s executor were received in a representative capacity. (Matter of Gilman, 85 Misc. 651, affd. 166 App. Div. 893, appeal dismissed 214 N. Y. 666.) The company complied with the provisions of the designation in paying the proceeds to him. Had there been no will, the proceeds would have been payable to an administrator. In either case, such funds coming into the estate would be then considered general estate assets of decedent’s estate to be administered and distributed as provided by the will, or according to the Decedent Estate Law in a case of intestacy. (Matter of Storum, 220 App. Div. 472; Morschauser v. Pierce, 64 App. Div. 558.) In fact, it is only because the insurance proceeds here became assets of the estate that the decedent’s children as sole legatees under her will are able to share the benefit of the share of insurance proceeds added to decedent’s other assets.
The primary measure of the participation of the surviving spouse in an estate is the share in intestacy, and the estate would generally include all property coming into the hands of the representative. (Matter of Ryan, 280 App. Div. 410; Matter of Harris, 150 Misc. 758.) Accordingly, the court holds that the share of the insurance proceeds paid to the executor are to be included as part of decedent’s estate for the purpose of computing the intestate share of the surviving spouse.
There is no objection to payments by the executor of the several assignments made by Floyd F. Phillips, as shown in the account, out of his share in the estate, and the decree submitted herein may provide for making of the same.