IN THE MATTER OF THE ESTATE OF
JOHN M. CAREW, DECEASED.

Superior Court of New Jersey
Appellate Division

Submitted October 2, 1973—Decided November 2, 1973.

Before Judges KOLOVSKY, FRITZ and CRANE.

*Messrs. Loveland, Hughes & Garrett,* attorneys for appellant *(Mr. Wililam J. Hughes,* of counsel; *Mr. Donald R. Charles, Jr.,* on the brief).

*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney for respondent *(Ms. Virginia Long Annich,* Deputy Assistant Attorney General, of counsel; *Mr. Michael E. Goldman,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

CRANE, J. A. D. This is an appeal from a determination of the New Jersey Transfer Inheritance Tax Bureau. Decedent was the president of and a 50% stockholder in a corporation known as Garden Motors, Inc. Decedent's wife owned the remaining 50% of the stock. Among the assets of the corporation were two policies of insurance on the life of its president. In computing the value of the 50 shares of stock decedent bequeathed to his wife, the Bureau included the proceeds of the insurance policies as assets of the corporation.

The appellant, representative of the estate, contends that the proceeds of the life insurance policies should not have been included because *N. J. S. A.* 54:34–4(f) exempts the proceeds of life insurance. Appellant also argues, in the alternative, although the contention was not advanced to the Inheritance Tax Bureau, that the corporation suffered a loss by reason of the death of its president and that such loss should have been taken into account in the evaluation of the corporate assets.

The New Jersey Transfer Inheritance Tax Act, *N. J. S. A.* 54:34–1 *et seq.* imposes a tax upon the "transfer of property" by a variety of means, including "by will." *In re Lichtenstein,* 52 *N. J.* 553, 559 (1968). The tax is "computed upon the clear market value of the property transferred." *N. J. S. A.* 54:34–5. Under the New Jersey Administrative Code, *N. J. A. C.* 18:26–8.15(a)(7), the pro-

ceeds of life insurance held by a closely held corporation are to be included as an asset of the corporation in arriving at the value of the stock

The decedent died on January 14, 1971. The examiner used as a basis of valuation of the corporate stock a balance sheet dated December 31, 1970, including in his computations the proceeds of the insurance. The testimony before the hearing examiner revealed that the insurance policies were taken out by the corporation in 1955 and that the corporation paid the premiums which were treated as expenses of the corporation for accounting purposes until approximately five years before decedent's death when on the advice of an accountant the premiums were charged against the distribution of earnings of the two stockholders.

In our view, the determination of the hearing officer was correct as was his reliance on *N. J. A. C.* 18:26–8.15(a) (7), *supra*. The Bureau did not seek to impose a tax on transfer of the insurance proceeds. They were transferred from the insurance company to the corporation which was the legal owner of the policies and was entitled to the proceeds. It is the transfer of the stock of the corporation by means of decedent's will which was taxed.

*N. J. S. A.* 54:34–4 sets forth a number of classes of transfers which are exempt from the operation of the Transfer Inheritance Tax Act. Our construction of that section must be strict. *Deubel v. Kervick,* 33 *N. J.* 568, 574 (1960). In the instant case the exemption simply does not apply because the insurance policy proceeds were not the object of the imposition of the tax. Our conclusion accords with that reached under similar statutory provisions in New York, *In re Reed,* 243 *N. Y.* 199, 153 *N. E.* 47 (Ct. App. 1926), and in Wisconsin, *In re Patton's Will,* 227 *Wis.* 407, 278 *N. W.* 866, 117 *A. L. R.* 140 (Sup. Ct. 1938).

The appellant on this appeal raises for the first time the contention that the insurance proceeds should be offset by the value to the corporation of the services of its president. The issue should not properly be entertained. *Stoelting v.*

*Hauck,* 32 *N. J.* 87, 99 (1960). Moreover, on the record here, the only loss which the corporation could have suffered by reason of Mr. Carew's death was an impairment of the value of the "good will" of its business. Even if there was such impairment, appellant has no cause for complaint; the Bureau, in valuing the corporation's assets, attributed no value to its "good will."

Affirmed.