Money which a partner loaned to the firm, and on which he received such profits as were earned by the firm, is invested capital, and subject to the transfer tax on the death of the partner who made the loan.

2. SAME.

Where a partner loaned money to the firm, and permitted profits to remain on deposit with the firm, they are to be deemed taxable assets of his estate.

In the matter of the estate of John D. Probst. From an order assessing and fixing the transfer tax, the Comptroller appeals. Reversed.

William E. Kisselburgh, for appellant.

Johnson & Hess, for respondent.

FITZGERALD, S. Partners may agree, as between themselves, that any contribution to the capital of the concern shall be regarded as a loan, but as to the rest of the world the transaction will nevertheless represent a contribution to capital. Thus, in the Matter of Rieser, 19 Hun, 202, affirmed on opinion below in 81 N. Y. 629, it was held that where a firm is indebted to one of its partners, and the firm becomes insolvent, such a debt can only be paid after all other creditors of the copartnership have been satisfied. In the case at bar, therefore, an attachment might have been levied against all the capital, including that represented by the contribution by loan, so called, and the lender or his assignee would have had to await the payment of all other partnership debts before he could secure payment. Neither the lender nor his assignee would be entitled to a preference or even an equality of payment with other creditors on liquidation.

The claim that this arrangement was made to avoid the payment to decedent of too great an amount of profits might be plausible if the partnership agreement were for a division of profits in proportion to nominal capital contributed. The facts appearing show that he got 30 per cent. of the profits, which included all profits earned by capital, whether contributed by way of loan or otherwise.

Consider the door for fraud upon the state which would be opened if such a subterfuge could be resorted to successfully. A nonresident partner might make his nominal contribution to capital, say, $100. He might loan the partnership the balance of his real contribution to capital, and thus evade taxation. Under the law, the money so loaned is, except as between the partners themselves, capital invested in the business. It is subject to the risks of the business, for it is liable to be levied on by other creditors to the exclusion of his claim. Calling the transaction a "loan" does not transform its character as an investment of capital. The agreement to advance this working capital was made prior to the commencement of the partnership. It was to remain in the business during the continuance of the firm. It drew

interest at the same rate as the nominal capital contributed, and the profits were divided according to its ratio to the combined funds advanced by the partners. I hold that this fund was capital invested. The decision in the Matter of Horn's Estate, 39 Misc. Rep. 133, 78 N. Y. Supp. 979, is therefore distinguishable.

With reference to the profits permitted to remain on deposit with the firm, I am of opinion that the Houdayer's Estate Case, 150 N. Y. 37, 44 N. E. 718, 34 L. R. A. 235, 55 Am. St. Rep. 642, and the Matter of Blackstone's Estate, 69 App. Div. 127, 74 N. Y. Supp. 508, affirmed in the Court of Appeals (171 N. Y. 682, 64 N. E. 1118), and in the United States Supreme Court (Blackstone v. Miller, 23 Sup. Ct. 277, 47 L. Ed. ——), and cases cited, are authority for including the amount among the taxable assets. These profits were so much cash set apart to the account of the decedent, subject to his sight draft, payable on demand. There is no difference in principle between moneys so deposited in a bank or trust company, with or without interest. The fact that they are expressly permitted to be used in the business of the firm does not differentiate the transaction from the ordinary deposit with a bank, banker, or trust company. The latter are always so employed, and it is only by such use that they can be profitably borrowed. I conclude, therefore, that the so-called loan of $281,250, and the sum of $140,131.40, representing undivided profits, should have been included among the assets of decedent and taxed.

Appeal sustained.