(Surrogate's Court, New York County. December, 1911.)

1. TAXATION (§ 867*)—TRANSFER TAX—SHARES IN JOINT-STOCK ASSOCIATION.
   Shares of stock in a joint-stock association doing business in the state and in other states, which passed to legatees of a nonresident owner, are subject to a transfer tax to the extent of the proportionate amount of the total assets of the association located in the state.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1681–1684; Dec. Dig. § 867.*]

2. TAXATION (§ 895*)—TRANSFER TAX—ASSESSMENT.
   In assessing property for the purpose of a transfer tax, the appraiser is bound by the evidence of value introduced, and may not assess it at a higher rate, because it had been done in other cases.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

In the matter of the transfer tax on the estate of Harriet Willmer. From an order fixing the tax, the executor appeals. Decree rendered.

Martin, Fraser & Speir, for petitioner.
Edward H. Fallows, for State Comptroller.

FOWLER, S. This appeal presents for determination the question whether shares of stock in a joint-stock company, when constituting a part of the assets of the estate of a nonresident decedent, are subject to taxation under the laws of the state in relation to taxable transfers.

The decedent, who was a resident of the state of New Jersey, died on the 8th day of July, 1910. At the time of her death she owned 1,448 shares of the American News Company. This company is a joint-stock association having its head office or principal place of business in the city of New York. The transfer tax appraiser valued these shares at $144,800, and reported that this amount was taxable under the Transfer Tax Law of this state (Consol. Laws 1909, c. 60, §§ 220–245). Upon this appeal the executors contend (1) that the decedent's interest in the American News Company is not subject to tax under the provisions of the Transfer Tax Law of this state; (2) if it should be held that it is not entirely exempt, then that the taxable interest of decedent in the said company, as represented by the 1,448 shares of stock held by her, is only that proportion of the assets of the company located in this state which the number of shares owned by her bears to the entire number of shares issued by the company.

[1] Shares of stock in a domestic corporation, although held by a nonresident, are taxable under the Transfer Tax Law of this state. Matter of Bronson, 150 N. Y. 1, 44 N. E. 707, 34 L. R. A. 238, 55

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Am. St. Rep. 632. The interest of a nonresident decedent in a partnership located here is taxable (Matter of Probst, 40 Misc. Rep. 431, 82 N. Y. Supp. 396), but the value of such interest must be ascertained by deducting the indebtedness of the partnership to residents of this state from the partnership assets located here. Matter of King, 71 App. Div. 581, 76 N. Y. Supp. 220, affirmed 172 N. Y. 616. 64 N. E. 1122. It has also been held that, where a corporation is incorporated under the laws of the state of New York as well as under the laws of another state, its shares of stock held by a nonresident decedent are taxable here in the proportion which the New York assets of the corporation bear to its entire assets. Matter of Cooley, 186 N. Y. 224, 78 N. E. 939, 10 L. R. A. (N. S.) 1010. While a joint-stock company possesses many of the characteristics of a corporation, such as permanency of investment of its capital, the right to transfer its shares by an assignment of the certificate of ownership, the right to prosecute suits in the name of one person, and the right of succession, there is the essential difference that a corporation is the creature of the state under the laws of which it is incorporated, while a joint-stock company is created by the contract or agreement of the members among themselves. In Matter of Bronson, supra, the decision was placed upon the ground that the corporation was the creature of the laws of this state, that the shareholders were persons interested in the operation of the corporate property and franchises, and that their shares actually represented undivided interests in the corporate enterprise, each share representing a distinctive interest in the total corporate property; and as the total corporate property was held by a citizen of this state, i. e., a domestic corporation, the shares of stock were taxable here. Matter of Palmer, 183 N. Y. 238, 76 N. E. 16. But as a joint-stock association is not, I think, created by the laws of this state, in the sense that a corporation is created, it cannot be said that it is the creature of this state within the language of the decisions relating to corporations. After its creation by the contract of the members composing it, the laws of this state prescribe certain requirements and formalities with which it must comply; but it cannot for that reason be said that it is the creature of this state, nor that it is a citizen of this state in the same sense as a domestic corporation. It may conduct its business in many states, and, as in the case of the American News Company, in nearly all the states of the Union; but it is not the creature of any particular state. Therefore the dominion or sovereignty of the state of New York over the joint-stock association is limited to that part of the property of the association located within this state.

If the state of New York may tax at their full value the shares of a joint-stock association having an office here, such value to be based upon the total assets of the company, wheresoever situated, by a parity of reasoning each state in which it does business may also tax it upon the same basis, and as practically all the states of the Union have inheritance or transfer tax laws imposing a tax upon succession to property, the rate varying from 1 to 20 per cent., it is easily conceivable that the shares of stock of a joint-stock association owned by a de-

cedent may be entirely confiscated in the payment of inheritance taxes. But double taxation, or taxation that is confiscatory, should be avoided. Matter of James, 144 N. Y. 6, 38 N. E. 961. All presumptions are to be indulged in against the operation of tax laws that impose excessive burdens. State of Tennessee v. Whitworth, 117 U. S. 129, 6 Sup. Ct. 645, 29 L. Ed. 830. It would, therefore, appear that the jurisdiction of the state of New York to assess a tax upon shares of stock held by a nonresident decedent in a joint-stock association having a place here for the transaction of business is limited to that proportion of the assets of the company located here which the number of shares held by the decedent bears to the entire number of shares issued by the company. From the affidavits submitted to the appraiser it appears that the value of the property of the American News Company located in the state of New York is one-half the value of the entire property held by the company. It further appears that the full value of each share of stock of the company at the date of decedent's death was $59.73. As one-half of the entire assets of the company was located in this state, the appraiser should have ascertained the taxable value of the decedent's interest in the company by multiplying the number of shares held by the decedent by the figure representing one-half the total value of each share, viz., $29.87.

[2] The executors also appeal upon the ground that the appraiser placed a valuation upon the shares of stock of the company in excess of its actual value. The appraiser valued the stock at $100 per share, but the only evidence before him showed that the stock was worth $59.73 per share. If the appraiser considered that the valuation placed upon the stock in the affidavit submitted to him was less than its real value, he should either have obtained additional data from some other source as to the value of the stock, or taken the testimony of the affiant, in order to ascertain the facts upon which his conclusions were based. The appraiser failed to do either; and as the only evidence before him was an affidavit showing that the value of the stock was $59.73 per share, he erred in arbitrarily placing a valuation of $100 upon it. The contention of the State Comptroller, in the statement submitted by him upon this appeal, that, as the stock had been appraised in other transfer tax proceedings at $100 per share, the appraiser was justified in appraising it in this proceeding at $100, is untenable, as the value of the stock is not absolute and fixed like a mathematical quantity, but varies continually with the varying conditions of business, the ease or stringency of the money market, and the public demand for the stock. As this stock is not sold upon the market, the appraiser should have adopted some means of ascertaining its real value, if he was not satisfied with the valuation placed upon it in the affidavit submitted by the executors.

The value of decedent's interest in the American News Company will be ascertained in the manner herein indicated, and the order fixing tax modified accordingly.

Decreed accordingly.