(Supreme Court, Appellate Division, First Department. December 6, 1912.)

1. TAXATION (§ 867*)—TRANSFER TAX—SHARES IN JOINT-STOCK ASSOCIATION.
    Shares of stock in a joint-stock association doing business in New York and other states, passing to beneficiaries of a deceased nonresident . owner, are subject to a transfer tax to the extent only of the value of the property of the association within the state.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1681–1684; Dec. Dig. § 867.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 631*)—NATURE—CITIZEN.

A corporation is an artificial entity existing in contemplation of law in the state of its creation, and, though it is a citizen within the meaning of certain provisions of the federal Constitution, it has no existence outside of the state of its creation, and is recognized elsewhere only by comity.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2489–2494, 2528; Dec. Dig. § 631.*

For other definitions, see Words and Phrases, vol. 2, pp. 1608–1621; vol. 8, pp. 7619, 7620.]

3. JOINT-STOCK COMPANIES (§ 1*)—NATURE AND STATUS.

A joint-stock association owes its existence, not to the state, but to the contracts of its members, and, though it may have some of the rights of a corporation, and may sue and be sued in the name of its president, it does not exist as an entity distinct from its members, and it exists wherever it does business or owns property.

[Ed. Note.—For other cases, see Joint-Stock Companies, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 4, pp. 3816, 3817.]

Appeal from Order of Surrogate, New York County.

In the matter of the transfer tax on the estate of Harriette Willmer, deceased. From a decree of the Surrogate's Court (75 Misc. Rep. 62, 134 N. Y. Supp. 686) fixing the tax, the Comptroller appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Henry A. Miller, of New York City, for appellant.
Louis Dean Speir, of New York City, for respondent.

MILLER, J. [1] The decedent, a resident of New Jersey, owned 1,448 shares of the American News Company, a joint-stock association having its head office or principal place of business in the city of New York. The learned surrogate held that said shares represent property within the state of New York, subject to the transfer tax to the extent only that the association owned property within the state; i. e., that they were taxable upon that proportion of their value which the property within the state bore to the entire property of the association at the time of the decedent's death.

The appellant relies upon the Matter of Jones, 172 N. Y. 575, 65 N. E. 570, 60 L. R. A. 476, and it is only necessary for us to supplement the able opinion of the learned surrogate by distinguishing that case, which was not referred to by him. In that case the decedent was a resident of the state, and the point decided was that the shares of the joint-stock association owned by him were personal property and taxable to their full value, notwithstanding a part of the assets of the association consisted of real estate which, if it had descended to the heirs of the deceased, would have been exempt. The point now raised was not involved in that case, or considered by the court, and what was said in the opinion as to the similarity between a joint-stock association and a corporation must be considered with reference to the precise point before the court; i. e., the right of succession.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2, 3] The distinction between a corporation and a joint-stock association, as concerns the point for decision, is that a corporation is an artificial entity, existing in contemplation of law in the state of its creation. It can have no existence elsewhere, and is recognized in other jurisdictions only by comity. It is a citizen within the meaning of certain provisions of the federal Constitution. Whereas, a joint-stock association, though it have some of the rights of a corporation, and may sue and be sued in the name of its president, still does not exist as an entity distinct from its members. Vide Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800. Even if, unlike a partnership which it really is, it can be said to exist as an artificial being, it owes its existence, not to the state, but to the contract of its members, and may therefore be said to exist wherever it does business or owns property. In that sense its analogy to a corporation is to one organized under the laws of two or more states. Vide Matter of Cooley, 186 N. Y. 220, 78 N. E. 939, 10 L. R. A. (N. S.) 1010.

The order should be affirmed, with $10 costs and disbursements. All concur.